IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIGUEL RAMOS, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | |
| JOHN B. SANFILIPPO & SON, INC., | |
| Defendant. | |

## COMPLAINT

Plaintiff Miguel Ramos, on behalf of himself and all other similarly situated persons, known and known, and by and through his attorneys, Caffarelli & Associates Ltd., for his Complaint against Defendant John B. Sanfilippo & Son, Inc. ("JBSS" or the "Company"), states as follows:

### NATURE OF ACTION

1. This is a class and collective action brought on behalf of current and former hourly production workers (the "putative class") who were not paid for all time worked, including the time spent donning and doffing required safety equipment and work clothes and the time spent obtaining said equipment at the start of a work shift, in violation of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1, *et seq.* ("IMWL") and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

### JURISDICTION AND VENUE

2. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over the state law IMWL claim pursuant to 28 U.S.C. § 1367.

3. The unlawful employment practices described herein were committed within the State of Illinois, at the Defendant's facility located at 1703 North Randall Road in Elgin, Kane County, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Ramos is an adult resident of West Chicago, Illinois. He worked for Defendant at its Elgin facility as a machine operator from September 1984 through May 2017.

5. Ramos brings this FLSA and IMWL action on behalf of a putative class of similarly-situated individuals, namely, all persons who worked were not paid for their time spent donning and doffing safety equipment and work clothes which Defendant required them to wear.

6. Defendant JBSS is a Delaware corporation authorized to do business in Illinois. Its corporate headquarters is located in Elgin, Illinois.

7. JBSS is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A). Defendant is an "enterprise" as defined in the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

8. Defendant is subject to the overtime provisions of the FLSA and IMWL, and is an "employer" within the meaning of those statutes.

## FACTUAL ALLEGATIONS

9. Plaintiff began working for JBSS as a machine operator in September 1984. He remained in that position until the Company terminated his employment in May 2017.

10. JBSS procures, processes, and packages nuts for its brands, Fisher Nuts and Sunshine Country, as well as for its customers' brands. The Company sells its nuts throughout the United States.

11. During at least the last three years of his employment, Plaintiff was scheduled to, and did, work in excess of forty (40) hours per week.

12. Throughout Plaintiff's employment with JBSS, the Company required him to don work clothes and safety equipment at the start of each shift. These included Company-issued pants, shirt, shoes, a hairnet, and earplugs.

13. Specifically, Plaintiff retrieved a clean uniform (consisting of pants and a shirt) from a Company-owned locker. After removing his own clothing and changing into these items, he then proceeded to a second locker where he would deposit his street clothes and which contained his Company-issued shoes. Plaintiff then donned his shoes, hairnet, and earplugs and walked to the time clock, at which time he could punch in for his shift.

14. Often, the locker room was occupied by so many employees that Plaintiff and others had to wait for some employees to change and leave the locker room before they could enter and begin changing.

15. The above-described mandatory preparatory activity lasted, on average, fifteen (15) minutes at the beginning of each shift and was uncompensated by the Company.

16. At the end of his shift, Plaintiff punched out and then returned to the locker room, where he returned to his locker, retrieved his own clothing, and changed out of his company-issued pants, shirt, and shoes. As at the beginning of the day, insufficient space in the locker room often required Plaintiff to wait for some time before he could begin the doffing process. Because Plaintiff was already punched out before he entered the locker room, Plaintiff again was

not compensated for his time spent doffing equipment and returning it to his company-owned lockers.

17. The above-described activities are integral and indispensable to Plaintiff's principal work activities. However, Defendant never compensated Plaintiff for his time spent carrying out these activities.

18. Defendant was aware that Plaintiff performed the donning and doffing activities described above. Defendant required Plaintiff to perform these activities.

19. Plaintiff and the class he seeks to represent were not compensated for the above-described work.

20. Plaintiff seeks to represent all employees who have not been paid for all hours worked, including overtime at the required time and one-half rate from September 2014 through and including the present, in violation of the FLSA and IMWL.

## CLASS ALLEGATIONS

21. Plaintiff brings this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for and on behalf of the following class:

> All persons who (1) worked as production workers for Defendant; (2) worked during the period of time including the three years preceding the filing of this Complaint; (3) worked forty (40) or more hours per week in any one week; and (4) were not compensated for their time spent waiting to don, donning, waiting to doff, and doffing company-mandated safety equipment and clothing.

22. The members of the class are so numerous that joinder of all members of the Class is impracticable.

23. Common issues of law and fact predominate the claims of the entire putative class. Specifically, all claims are predicated on a finding that Defendant failed to compensate its

production workers for time spent waiting, donning, and doffing required safety equipment and clothing, resulting in a failure to compensate these employees at the overtime rate. In short, the claims of the named Plaintiff are identical to the claims of the class members.

24. The named Plaintiff is an adequate representative of the class because all potential plaintiffs were subject to Defendant's uniform practices and policies. Further, the named Plaintiff and the putative class plaintiffs have suffered the same type of economic damages as a result of Defendant's practices and policies.

25. Finally, a class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the Class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court, and create the risk of inconsistent rulings, which would be unjust and inequitable.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**(Collective Action)**

26. The Plaintiff re-states and incorporates paragraphs 1 – 25 as though fully set forth herein.

27. This Count arises from Defendant's violation of the FLSA, 29 U.S.C. § 201, *et seq.*, for its failure to pay Ramos and all putative class members overtime wages for all hours worked in excess of forty (40) per workweek.

28. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by Defendant's failure to comply with 29 U.S.C. §§ 206 – 207. Plaintiff

attaches as Exhibit A his Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

29. All past and present employees of Defendant who were required to and did don and doff safety equipment and clothing and were not compensated for these activities are similarly situated to the Plaintiff, in that Defendant applied its compensation policies, which violate the FLSA, on company-wide bases for at least all putative class members.

30. Defendant's failure to pay overtime wages for all hours worked over forty (40) per workweek, is a willful violation of the FLSA, since Defendant's conduct shows that it either knew that its conduct violated the FLSA or showed reckless disregard for whether its actions complied with the FLSA.

31. The Plaintiff's experiences are typical of the experiences of the putative class members, as set forth above.

32. For all members of the putative class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire putative class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

33. The members of the putative class who are still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

WHEREFORE, Plaintiff Miguel Ramos, on behalf of himself and all other similarly situated individuals, known and unknown, respectfully requests that this Court enter an order as follows:

    a) Awarding judgment for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b) Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

c) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

d) Awarding reasonable attorneys' fees and costs incurred in filing this action;

e) Entering an injunction precluding Defendant from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

f) Awarding such additional relief as the Court may deem just and proper.

## COUNT II
## ILLINOIS MINIMUM WAGE LAW
### (Class Action)

34. The Plaintiff re-states and incorporates paragraphs 1 – 25 as though fully set forth herein.

35. This Count arises from Defendant's violation of the IMWL, 820 ILL. COMP. STAT. 105/1, *et seq.*, for its failure to pay the Plaintiff and putative class members overtime wages for all hours worked in excess of forty (40) per workweek.

36. Pursuant to the IMWL, for all weeks during which the Plaintiff and the putative class members worked in excess of forty (40) hours, including time spent donning and doffing, they were entitled to be compensated with overtime wages.

37. Defendant violated the IMWL by failing to compensate the Plaintiff and the putative class members with overtime wages all hours worked in excess of forty (40) per workweek.

WHEREFORE, Plaintiff Miguel Ramos, on behalf of himself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

7

a) Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3) and/or 23(c)(4);

b) Appointing Plaintiff as Class Representative and his Counsel as Class Counsel;

c) Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiff and all others similarly situated pursuant to the IMWL;

d) Awarding prejudgment interest on the back pay in accordance with 815 ILL. COMP. STAT. 205/2;

e) Awarding statutory damages pursuant to the formula set forth in 820 ILL. COMP. STAT. 105/12(a);

f) Awarding reasonable attorneys' fees and costs incurred in filing this action;

g) Entering an injunction precluding Defendant from violating the Illinois Minimum Wage Law, 820 ILL. COMP. STAT. 105/1 *et seq.*; and

h) Ordering such other and further relief as this Court deems appropriate and just.

Dated: September 7, 2017                           Respectfully submitted,

Alejandro Caffarelli                               MIGUEL RAMOS, individually and on behalf
Alexis D. Martin                                   of all others similarly situated,
Caffarelli & Associates Ltd.
224 N. Michigan Ave., Ste. 300                     By: /s/ Alejandro Caffarelli
Chicago, IL  60604                                     Attorney for the Plaintiff
Tel. (312) 763-6880